UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
RABINDRANAUTH PERSAUD,

                              Petitioner,                    MEMORANDUM & ORDER

  -against-

                                                   04-CV-2861 (CBA)

THE UNITED STATES OF AMERICA,

                              Respondent.
-----------------------------------------------------------x
AMON, United States District Judge.

On February 4, 2010, *pro se* petitioner Rabindranauth Persaud, who is currently incarcerated at the Federal Correctional Institution at White Deer, Pennsylvania, filed a motion, purportedly pursuant to Rule 60(b) of the Federal Rules of Civil Procedure, seeking to re-open the December 18, 2005 judgment of this Court denying his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2255 ("§ 2255"). For the reasons discussed below, the motion is denied.

**Background**

Petitioner was convicted by a jury in this Court on March 19, 2002, along with his brother and co-defendant Ramanand Persaud. The Court entered judgment and sentence on November 25, 2002. United States v. Persaud, No. 01 CR 1342-01 (CBA) (E.D.N.Y.). Petitioner appealed to the United States Court of Appeals for the Second Circuit, which affirmed the conviction and sentence on March 15, 2004. United States v. Persaud, 87 Fed. Appx. 214 (2d Cir. 2004). Thereafter, petitioner filed a petition for a writ of habeas corpus pursuant to § 2255, which was denied by this Court on December 28, 2005. Persaud v. United States, No. 04 CV 2861 (CBA) (E.D.N.Y. Dec. 28, 2005).

Since then, petitioner has filed multiple additional motions seeking to overturn his conviction and sentence. On August 8, 2006, he filed a "Petitioner Motion for Sentencing

Reduction Pursuant to 18 U.S.C. § 3553(a)," and on September 8, 2006, he filed a "Petitioner Motion for Reduction of Sentence Pursuant to Rule 60(b)(1) of the Federal Rules of Civil Procedure." The motions were both filed under a new civil docket number and dismissed. See Persaud v. United States, No. 06 CV 3955 (CBA) (E.D.N.Y. Dec. 29, 2006) (final judgment dismissing motions). On April 15, 2008, petitioner filed a "Motion to Re-open Judgment Pursuant to Rule 60(b)(6) of the Federal Rules of Civil Procedure," under the instant docket number, which the Court denied on April 21, 2008.

Petitioner has twice sought leave of the Court of Appeals for an order authorizing a second or successive petition pursuant to § 2255, and was twice denied. See Persaud v. United States, No. 06-4170-op (2d Cir. Oct. 6, 2006), Issued as Mandate, Dec. 28, 2006 (Docket Entry 20 in 04 CV 2861); Persaud v. United States, No. 09-2809-op (2d Cir. Aug. 10, 2009), Issued as Mandate, Oct. 15, 2009 (Docket Entry 23 in 04 CV 2861).

In addition, petitioner has filed two petitions seeking to challenge his 2002 conviction through a writ of *audita querela*. Both petitions were dismissed. Persaud v. United States, No. 08-CV-4365 (CBA), 2008 WL 5047707 (E.D.N.Y. Nov. 25, 2008); Persaud v. United States, No. 09-CV-129 (CBA), 2009 WL 136027 (E.D.N.Y. Jan. 20, 2009).

The instant motion purports to be filed pursuant to Rule 60(b)(6) of the Federal Rules of Civil Procedure. Petitioner argues that "[a] substantive change of law can be a basis for granting a Rule 60(b), to overturn a final judgment denying habeus [*sic*] corpus relief," citing a recent Ninth Circuit case, Phelps v. Alameida, 569 F.3d 1129 (9th Cir. 2009). Petitioner seeks relief from the final judgment in his habeas petition, claiming "extraordinary circumstances." (Pet. at 2.) The petition does not clearly identify the alleged extraordinary circumstances in this case. Petitioner

2

does argue that an intervening change in law applies, citing Safford Unified School District No. 1 v. Redding, 557 U.S. –, 129 S.Ct. 2633, 2643 (2009), for the proposition that "action less than outrage" can violate the law in novel circumstances. Petitioner asserts that his brother's post-arrest statements should have been suppressed because, "Ramanand Persaud was so nervous and frightened that he defecated on himself and was forced to answer questions, and was required to sit in his soiled clothing, which is considered humiliation and torture." (Pet. at 7.) Petitioner now argues that admitting the statement obtained from Ramanand under these conditions violated petitioner's constitutional rights.

In an undated letter, postmarked March 4, 2010, petitioner requested that this Court construe his pending motion as a writ of *audita querela* pursuant to 28 U.S.C. § 1651. Petitioner argues that he is entitled to *audita querela* relief "where there is a legal, as contrasted with an equitable, objection to a conviction that has arisen subsequent to the conviction and that is not redressable pursuant to another post-conviction remedy." (Undated letter, Docket Entry # 25.) On April 9, 2010, petitioner filed a new Motion for Immediate Release Pursuant to Rule 23(c) of the Federal Rules of Appellate Procedure.

## Discussion

### I. Rule 60(b)(6) Motion

Petitioner's motion purports to be filed pursuant to Rule 60(b)(6) of the Federal Rules of Civil Procedure. Rule 60(b) permits a court to relieve a party from a final judgment in exceptional or extraordinary circumstances. However, Rule 60(b) may be used in the habeas context only to attack the integrity of the habeas proceeding and is not a means to challenge the underlying criminal conviction. Harris v. United States, 367 F.3d 74, 77 (2d Cir. 2004).

Although petitioner argues that his case is subject to a substantive change in the law, the petition does not allege any change in the law relevant to either his original petition or to his prior motion for reconsideration. Instead, it raises a new additional claim challenging his criminal conviction. Such a challenge to the underlying conviction can only be raised in a petition pursuant to 28 U.S.C. § 2255.

Petitioner has already filed the one petition pursuant to § 2255 to which he is entitled, and any future claim is subject to the restriction on second or successive habeas petitions codified in the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). See Gonzalez v. Crosby, 545 U.S. 524, 530 (2005) (defining a "claim" when determining whether a Rule 60(b) motion is to be considered a second or successive habeas petition in the context of 28 U.S.C. § 2254); Schwamborn v. United States, 507 F. Supp. 2d 229, 239-40 & n.19 (E.D.N.Y. 2007) (applying Gonzalez v. Crosby to § 2255 and collecting cases). Petitioner had the opportunity to challenge the admissibility of his brother's post-arrest statements in his initial § 2255 petition. Petitioner has already argued that the admission of Ramanand's statements against petitioner violated petitioner's right to confront the witnesses against him. Neither brother argued in their identical habeas petitions that the statements were inadmissible on the basis of the circumstances of the post-arrest interview. Yet those circumstances were apparent at the time of trial, during appellate review, and at the point the brothers filed their petition for habeas relief. Having failed to make this argument in his initial § 2255 petition, petitioner cannot now raise it in a Rule 60(b) motion.

"[A] Rule 60(b) motion that attacks the underlying conviction presents a district court with two procedural options: (i) the court may treat the Rule 60(b) motion as a second or successive habeas petition, in which case it should be transferred to [the Court of Appeals] for possible

certification, or (ii) the court may simply deny the portion of the motion attacking the underlying conviction as beyond the scope of Rule 60(b)." Harris, 367 F.3d at 82 (internal quotation marks and citations omitted). The Court finds that petitioner's new claim regarding the admission of his brother's post-arrest statements is beyond the scope of Rule 60(b) and must be denied.

## II. *Audita Querela* Relief

Petitioner's late request that his motion be construed as a petition for a writ of *audita querela* is unavailing. As this Court has previously explained to petitioner, following his prior requests for this relief, the common law writs, including *audita querela*, may not be used to circumvent the procedural requirements of the AEDPA. See Persaud, No. 08-CV-4365 (CBA), 2008 WL 5047707, at *1; Persaud, No. 09-CV-129 (CBA), 2009 WL 136027, at *2. The writ of audita querela is available only to fill any gaps of the federal post-conviction remedial framework. United States v. Richter, 510 F.3d 103, 104 (2d Cir. 2007) ("[I]f the absence of any avenue of collateral attack would raise serious constitutional questions about the laws limiting those avenues, then a writ of audita querela would lie."). Here, Petitioner could have raised his contention that the admission in his case of the confession and post-arrest statements of his brother was unconstitutional in a habeas petition.

Even if *audita querela* relief were available in this case, plaintiff has failed to identify any relevant legal issue that has arisen since the judgment of conviction was entered. Plaintiff seems to argue that the admission of the confession and post-arrest statements of his brother was unconstitutional. With respect to the intervening legal issue, plaintiff cites the Supreme Court's ruling in Safford, 129 S.Ct. at 2643. Safford, however, pertained to the unreasonable search and seizure of a 13-year-old student, and the specific passage identified by petitioner is a discussion of

5

whether a constitutional rule was clearly established, so as to give a school official notice in the qualified immunity context. Id. Petitioner's citation to Safford has no direct relevance to his argument, and *audita querela* relief would be denied.

### III. Motion for Immediate Release

Petitioner's request for immediate release while his motions are pending is denied. Rule 23(c) of the Rules of Appellate Procedure governs habeas corpus proceedings. It requires the release from custody, unless otherwise ordered, of a prisoner who has already been ordered released by the district court, while the decision ordering release is reviewed by the appellate court. No decision ordering the release of petitioner has been issued. Accordingly, Rule 23(c) does not apply in this case, and petitioner's motion requesting relief on this basis is denied.

### III. Warning About Vexatious and Frivolous Filings

Since petitioner's unsuccessful challenge to his 2002 judgment of conviction, petitioner has now filed multiple improper motions for reconsideration of the Court's judgment and multiple non-meritorious petitions for *audita querela* relief. The federal courts have limited resources. Frequent frivolous filings work to diminish the ability of the courts to manage their dockets for the efficient administration of justice. "The district courts have the power and the obligation to protect the public and the efficient administration of justice from individuals who have a history of litigation entailing vexation, harassment and needless expense to other parties and an unnecessary burden on the courts and their supporting personnel." Lau v. Meddaugh, 229 F.3d 121, 123 (2d Cir. 2000) (internal quotation marks and citations omitted). Accordingly, petitioner is warned that the future filing of frivolous motions may result in the imposition of sanctions, including the issuance of a filing injunction. See In re McDonald, 489 U.S. 180, 184 (1989)

(barring *pro se* litigant with history of frequent frivolous litigation from filing petitions for extraordinary writs); Moates v. Barkley, 147 F.3d 207, 208 (2d Cir. 1998) (district courts are required to provide notice and an opportunity to be heard before imposing a filing injunction on a habeas petitioner with a penchant for filing frivolous and duplicative claims).

**Conclusion**

For the foregoing reasons, petitioner's Rule 60(b) motion is denied and his petition for a writ of *audita querela* is dismissed. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: Brooklyn, New York
July 27, 2010

/S/
Carol Bagley Amon
United States District Judge